IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| FRANCIS GRANDINETTI, #A0185087, | ) ) ) | Civ. No. 17-00294 DKW-KJM |
| Plaintiff, | ) ) ) | ORDER |
| vs. | ) ) | |
| HONOLULU POLICE DEPARTMENT, *et al.*, | ) ) ) | |
| Defendants. | ) ) | |
| _____ | ) | |

Plaintiff is a prisoner proceeding pro se. On July 25, 2017, the Court closed this action for Plaintiff's failure to pay the civil filing fee or submit an application to proceed in forma pauperis ("IFP"), as directed. *See* Order, ECF No. 4.

On July 28, 2017, Plaintiff submitted a document titled, "Proof of Compliance with Deficiency Order." ECF No. 6. This document contains copies of Plaintiff's prison account balances between July 2007 and November 2010. Because Plaintiff failed to include a *current* account statement or an IFP application, the Court took no action.

On September 11, 2017, Plaintiff submitted a prison "Medical Request," dated August 28, 2017, alleging that he saw a dead person in his housing unit. ECF No. 7. Again, the Court took no action, given its prior directives.

Plaintiff now moves for "CJA and IFP Remedies" in an eighteen-page document that makes little sense. ECF No. 8. Plaintiff describes seeing a dead person in his housing unit in Arizona in April 2016. He also includes a timely prison account balance, dated September 11, 2017, showing that he has $0.52 in his account, but did not accompany that balance statement with a completed IFP application. To the extent Plaintiff seeks to reopen this action and intended this document to serve as an application to proceed IFP, that request is DENIED.

First, Plaintiff fails to comply with the Court's clear direction to submit a fully-completed IFP application, that includes his signed permission to withdraw funds from his account, and certification from prison authorities showing the activity in his account for the past six months. *See* 28 U.S.C. § 1915(a).

Second, Plaintiff has accrued three strikes pursuant to 28 U.S.C. § 1915(g).[1] The Court has carefully reviewed the Complaint and the other documents that Plaintiff submits. Plaintiff sets forth no plausible allegations that he is in imminent

---

[1] *See, e.g.*, *Grandinetti v. FTC Seg. Unit Staff*, 426 F. App'x 576 (9th Cir. 2011); *Grandinetti v. Shimoda*, 1:05-cv-00442 JMS-BMK (D. Haw. 2005); *Grandinetti v. Stampfle*, 1:05-cv-00692 HG-LEK (D. Haw. 2005). *See* PACER Case Locator http://pacer.psc.uscourts.gov.

danger of serious physical injury, or was at the time he commenced this action, and is not entitled to an exception to the three-strike bar. *See Andrews v. Cervantes*, 493 F.3d 1047, 1055 (9th Cir. 2007). Thus, Plaintiff may not proceed IFP.

Plaintiff's motion is DENIED. The Court will take no further action on documents filed in this action, beyond processing any notice of appeal.

IT IS SO ORDERED.

DATED: September 27, 2017 at Honolulu, Hawai'i.



/s/ Derrick K. Watson
Derrick K. Watson
United States District Judge

---

*Francis Grandinetti v. Honolulu Police Department, et al.,* Civil No. 17-00294 DKW-KJM; **ORDER**

*Grandinetti v. HPD*, 1:17-cv-00294 DKW-KJM; 3 stks 2017 (act remain closed)